**IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION**

MELANIE DAVIS and
JOHN R. DAVIS

     Plaintiff,

v.                   Case No:

TARGET CORPORATION,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, MELANIE DAVIS and JOHN R. DAVIS, by and through

the undersigned attorney, and sue Defendant, TARGET CORPORATION and alleges as follows:

1.     This is an action for damages exceeding fifteen thousand dollars ($15,000).

2.     At all times material to this action, Plaintiffs were residents of Broward County,

Florida.

3.     At all times material to this action, Defendant, TARGET CORPORATION., was

a corporation licensed to do business in the State of Florida, and, within the contemplation and

intent of Florida Statute 768.0710, was in possession of a building located in Sunrise, Broward

County, Florida, used as a store from which Defendant, TARGET CORPORATION, conducted

business.

4.     On or about May 31, 2016, Plaintiff, MELANIE DAVIS, was a public invitee on

the premises of said store, located at 12801 W. Sunrise Blvd., Sunrise, Florida 33323.

5.     On said date, Plaintiff, MELANIE DAVIS, was in an aisle of the TARGET

CORPORATION's store where folding chairs were displayed. The folding chairs were hanging

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/6/2017 11:26:51 AM.****

on hooks on the top shelf. As she was reaching to get the folding chair she wanted, a chair fell off the hook and violently struck her head and face causing severe personal injuries.

## COUNT I

## NEGLIGENCE

6.      Plaintiffs, MELANIE DAVIS and JOHN R. DAVIS, re-allege and reincorporate paragraphs one (1) through five (5) above as if fully set forth herein.

7.      Defendant placed the chairs on the shelf in a manner such that when they would be retrieved by patrons, such as Plaintiff, they could fall and cause injury.

8.      The above-described unsafe conditions were either known to Defendant, created by Defendant or had existed for a sufficient length of time so Defendant should have known of the dangerous conditions.

9.      At all times material to this action, Plaintiff was unaware of the unsafe condition.

10.     Defendant had a duty to use reasonable care in maintaining safe premises free from dangers to the personal safety of business invitees, as well as the following additional duties:

a.      To properly maintain, operate, monitor, control, supervise, and manage, the premises (mode of operation);

b.      To have proper policies, rules and/or procedures for providing appropriate and/or safe conditions for the public on the premises;

c.      To have properly trained employees and an adequate number of employees to supervise and provide appropriate and/or safe conditions for the public on the premises;

d.      To have proper monitoring for providing appropriate and/or safe conditions for the public on the premises;

e. To have proper supervision for providing appropriate and/or safe conditions for the public on the premises;

f. To have proper management for providing appropriate and/or safe conditions for the public on the premises;

g. To periodically and properly inspect its premises for unsafe conditions;

h. To use reasonable care in maintaining and placing products on the shelves such that they would not fall and injured patrons;

i. To warn invitees such as Plaintiff of the dangerous, hazardous, and/or unsafe condition created on its premises.

11. At all times material to this action Defendant was negligent and breached the above described duties by, among other ways, actions, inactions, errors, omissions, and acts:

a. Failing to properly maintain, operate, monitor, control, supervise, and manage, the premises (mode of operation);

b. Failing to have proper policies, rules and/or procedures for providing appropriate and/or safe conditions for the public on the premises;

c. Failing to have properly trained employees and an adequate number of employees to supervise and provide appropriate and/or safe conditions for the public on the premises;

d. Failing to have proper monitoring for providing appropriate and/or safe conditions for the public on the premises;

e. Failing to have proper supervision for providing appropriate and/or safe conditions for the public on the premises;

f. Failing to have proper management for providing appropriate and/or safe conditions for the public on the premises;

j. Failing to use reasonable care in maintaining and placing products on the shelves such that they would not fall and injured patrons;

g. Failing to periodically and properly inspect its premises for unsafe conditions, such as unstable products on shelves;

h. Failing to warn invitees such as Plaintiff of the dangerous, hazardous, and/or unsafe condition created on its premises;

i. Other acts of negligence which will become known through discovery.

12. As a direct and proximate result of the negligence of Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, severe aggravation and exacerbation of pre-existing physical conditions, expense of hospitalization, medical and nursing care and treatment, past lost earnings and loss of ability to earn money in the future. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MELANIE DAVIS, demand judgment for damages, post-judgment interest, and taxable costs of these proceedings, and further demand a trial by jury on all issues so triable.

## COUNT II

## LOSS OF CONSORTIUM

13. The Plaintiffs reallege all of the preceding allegations as though fully set out herein.

14. That at all times material hereto, the Plaintiff, MELANIE DAVIS was lawfully married to the Plaintiff, JOHN R. DAVIS.

15. As a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff, JOHN R. DAVIS, has had to expend monies for medicine and medical treatment for his

wife as a result of the aforesaid negligence, and for numerous trips necessary secure same, and in the future, will be compelled to incur similar expenses. He has lost the comfort, services, society and consortium of his wife, and will lose it in the future.

WHEREFORE, Plaintiff, JOHN R. DAVIS, demands judgment for damages, post-judgment interest, and taxable costs of these proceedings, and further demand a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Ralph M. Guito, III*
**RALPH M. GUITO, III, ESQ.**
Fla. Bar No.: 832560
McIntyre, Thanasides, Bringgold
Elliott, Grimaldi, & Guito, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, FL 33602
Telephone: (813) 899-6059
Facsimile: (813) 899-6069
Primary Email: ralph@mcintyrefirm.com
Secondary Email: jinnell@mcintyrefirm.com
Attorney for the Plaintiff